UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARK LaRUE,

            Petitioner,

      v.

WASHINGTON STATE DEPARTMENT OF
CORRECTIONS, Sentencing Review
Board,

            Respondent.

NO. CV-07-0243-EFS

**ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS AND MOTION FOR HEARING ON PETITION**

    Before the Court are Petitioner Mark LaRue's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Ct. Rec. 1) and Motion for Hearing on Petition (Ct. Rec. 13). Respondent Washington State Department of Corrections (DOC) opposes the petition on the following grounds: (1) Mr. LaRue failed to exhaust his habeas claims, and (2) Mr. LaRue's third claim for relief based on federal due process and equal protection violations is unsuccessful on its merits. After reviewing the submitted material and applicable authority, the Court is fully informed and denies Mr. LaRue's petition for the reasons given below.

///

///

ORDER ~ 1

1

## I.  PROCEDURAL HISTORY

2        Absent a brief period in the winter of 1975-76, Mr. LaRue has been

3   incarcerated for state crimes since 1972. In 1990, the Washington

4   Indeterminate Sentence Review Board ("the Board") held a disciplinary

5   hearing to resolve ten violations that Mr. LaRue was charged with.  The

6   Board sent both Mr. LaRue and his attorney Barton Jones notice of and

7   information about the disciplinary hearing.  Mr. LaRue selected not to

8   attend the disciplinary hearing; Mr. Jones attended the hearing on his

9   behalf.  The Board found Mr. LaRue guilty of the ten violations, with

10  some modifications.  As a sanction, the Board denied good time credit on

11  Mr. LaRue's second degree assault, first degree assault, and first degree

12  possession of contraband sentences, and extended these sentences to their

13  maximum terms.  (Ct. Rec. 11 Ex. 25 p. 4.)

14       Mr. LaRue's second degree assault sentence expired on March 9, 1997,

15  at which time, he began serving the concurrent first degree assault and

16  first degree possession of contraband sentences.  In 2005, the Board held

17  a *Cashaw* hearing and decided to maintain the maximum ten-year sentence

18  on Mr. LaRue's first degree possession of contraband sentence, but

19  reduced his first degree assault thirty-year maximum sentence to 213

20  months, or approximately 17 3/4 years, and allowed him the opportunity

21  to earn good time credits related to these sentences.  *Id.* at Ex. 34.

22       Good time credits enable Mr. LaRue to potentially receive one-third

23  time off his sentence.  However, DOC determined Mr. LaRue did not earn

24  the monthly 5-day "earned time" programming reduction during the months

25  he was housed in segregation, which was a substantial number of months.

26  *Id.* at Ex. 37. Therefore, DOC reduced Mr. LaRue's "earned release time"

by 320[1] days, reaching a parole eligibility release date (PERD) of November 25, 2009. *Id.*

On February 13, 2006, Mr. LaRue filed a personal restraint petition (PRP), which he later supplemented, in the Washington Court of Appeals, alleging that the Board violated Washington statutory and regulatory procedures when it found him non-parolable and denied him earned time credits, thereby also denying him "equal protection and due process of the law." *Id.* at Exs. 39 & 40. The Washington Court of Appeals dismissed Mr. LaRue's PRP on October 12, 2006, finding no statutory or regulatory violation and that "Mr. LaRue shows no constitutional or state law violation by the DOC in extending his PERD by 320 days based upon his failure to earn 'earned time' while in segregation." *Id.* at Ex. 43 p. 13.

On November 19, 2006, Mr. LaRue filed a Motion for Discretionary Review in the Washington Supreme Court (Ct. Rec. 11 Ex. 44). Again, Mr. LaRue argued the Board violated state statutory and regulatory procedures when it determined he was not parolable and that his due process and equal protection rights were violated. *Id.* The Washington Supreme Court issued a Ruling Denying Review on March 2, 2007, stating, "[t]here was also no due process or equal protection violation arising from the loss of 320 days in 'earned time' resulting from Mr. LaRue's time in segregation." (Ct. Rec. 11 Ex. 46 at 3.)

---

[1] Initially, DOC advised Mr. LaRue he would not receive 394 days of earned release time. It now appears the DOC-calculated date is 320 days. It is not this Court's role to resolve the dispute as to how many specific earned time days are at issue.

ORDER ~ 3

1    Mr. LaRue asked the Commissioner to reconsider its ruling (Ct. Rec.

2  11 Ex. 47), but the Chief Justice of the Washington Supreme Court entered

3  an Order denying Mr. LaRue's motion.  (Ct. Rec. 11 Ex. 48.) On July 30,

4  2007, the Washington Court of Appeals entered a certificate of finality.

5  (Ct. Rec. 11 Ex. 49.)  Mr. LaRue's 28 U.S.C. § 2254 habeas petition was

6  filed on July 20, 2007.

7                **II.  CLAIMS RAISED IN HABEAS CORPUS PETITION**

8    Mr. LaRue's petition for writ of habeas corpus seeks relief on four

9  grounds:

10       (1) the Board violated procedural regulations during its hearing by

11       extending Mr. LaRue's first degree assault sentence to the maximum;

12       (2) the Board violated RCW 9.95.009(2) by imposing a 213-month first

13       degree assault sentence without having adequate written reasons for

14       doing so;

15       (3) the DOC denied Mr. LaRue equal protection and due process of law

16       by denying 394-days of earned time, thereby extending his PERD on

17       his first degree assault sentence; and

18       (4) the Board's non-parolable decision violated RCW 9.95.009(2)

19       because it was not reasonably consistent with RCW 9.94A.850 and

20       failed to give written reasons for going outside the sentencing

21       ranges.

22                        **III.  DISCUSSION**

23  **A.  Basis for § 2254 Habeas Petition**

24    A district court may entertain a habeas petition under 28 U.S.C. §

25  2254 if it alleges the petitioner is "in custody in violation of the

26  Constitution or laws or treaties of the United States."  28 U.S.C. §

ORDER ~ 4

2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Mr. LaRue's first, second, and fourth claims solely relate to alleged violations of Washington statutes and regulations - not violations of the U.S. Constitution, laws, or treaties. Therefore, the Court dismisses claims one, two, and four.

**B.  Exhaustion**

DOC argues Mr. LaRue failed to exhaust his third claim in state court. Section 2254(b)(1) provides that a habeas petition must be denied if the petitioner failed to exhaust his state court remedies. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In order to exhaust state remedies, the petitioner must "fairly present" his federal claims to the state courts thereby giving the state the opportunity to address and correct alleged violations of the petitioner's federal rights. *Duncan*, 513 U.S. at 365; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Voerckel*, 526 U.S. 838, 845 (1999).

"To 'fairly present' his federal claim to the state courts, [petitioner] had to alert the state courts to the fact that he was asserting a claim under the United States Constitution." *Hiivala*, 195 F.3d at 1106 (citing *Duncan*, 513 U.S. at 365-66). The Supreme Court stated in *Gray v. J.D. Netherland* that to "fairly present" a claim to the state court, "it is not enough to make a general appeal to a

ORDER ~ 5

constitutional guarantee as broad as due process to present the 'substance' of a claim;" rather, the petitioner "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." 518 U.S. 152, 163 (1996).

The Court finds Mr. LaRue fairly presented his third claim to both Washington appellate courts as a federal claim. In his pleadings to both the Washington Court of Appeals and the Supreme Court, Mr. LaRue argued his "due process" and his "equal protection" rights were violated and provided a statement of facts, which he believed entitled him to relief. *C.f. Hiivala*, 195 F.3d at 1106-07 (finding petitioner failed to fairly present his claim as a federal claim when he argued that the state's evidence was insufficient to meet the burden of proof for the state crime of first-degree murder beyond a reasonable doubt without referring to a federal legal standard); *Johnson*, 88 F.3d at 830-31 (finding petitioner's assertion in state court that the admission of the prior act evidence "infringed on his right to present a defense and receive a fair trial" failed to alert the state court of the federal nature of the claim). Although Mr. LaRue could have been more explicit in his petition that he was asserting *federal* due process and equal protection right violations, in his memorandum in support thereof to the Washington Court of Appeals he referred to the "14th Amendment of the United States Constitution." (Ct. Rec. 11 Ex. 39: Memorandum in Support of Petition p. 6.) Mr. LaRue also cited to two federal cases - *Wolfe v. McDonald*, 418 U.S. 539 (1974), and *Bergen v. Spaulding*, 881 F.2d 719 (9th Cir. 1989). (Ct. Rec. 11: Ex. 39 Mem. p. 6, & Ex. 42 p. 22.) Plus, the Washington case law he relied

upon analyzed federal constitutional due process and equal protection guarantees. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) ("[F]or purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal cause analyzing such an issue."). Accordingly, the Court finds the Washington courts were alerted to the fact that Mr. LaRue asserted claims under the U.S. Constitution.   Mr. LaRue exhausted his state remedies in connection with his third claim that alleges due process and equal protection violations.

**C.   Merits of Mr. LaRue's Third Claim**

Mr. LaRue argues the Board violated his equal protection and due process rights by denying him 320 days of earned time days, thereby extending his parole eligibility release date (PERD) on his first degree assault sentence.   In assessing the merits of Mr. LaRue's claim, the Court is mindful that this is a habeas corpus proceeding and not direct review of a Board decision.   Mr. LaRue litigated his claims in the state courts, and Washington's highest court upheld the Board's decision. Different principles apply on collateral review.   Under 28 U.S.C. § 2254(d)(1), this Court may reverse a decision of the state court denying relief only if that decision,

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The statute establishes a highly deferential standard for reviewing state court rulings requiring that the state court

ORDER ~ 7

1  decisions be given the benefit of the doubt.  *Woodford v. Visciotti*, 537

2  U.S. 19 (2002) (*per curium*).

3      A state court acts contrary to clearly established federal law if

4  it applies a legal rule that contradicts a prior Supreme Court holding

5  or if it reaches a different result from a Supreme Court case despite

6  confronting indistinguishable facts.  28 U.S.C. § 2254(d)(1); *Williams*

7  *v. Taylor*, 529 U.S. 362 (2000).  Clearly established federal law refers

8  to Supreme Court holdings (as opposed to dicta) as of the time of

9  relevant state court decision.[2]  *Williams*, 529 U.S. at 412.

10     In explaining what constitutes an "unreasonable application" of

11  clearly established federal law, the Supreme Court held, "a federal

12  habeas court may grant the writ if the state court identifies the correct

13  governing legal principle from [the Supreme Court's] decisions but

14  unreasonably applies that principle to the facts of the prisoner's case."

15  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  An erroneous application of

16  clearly established federal law is not sufficient to grant the petition.

17  *Id.* at 75-76.  Rather, in order for the writ to issue, the state court's

18  application of clearly established federal law "must [have been]

19  objectively unreasonable."[3]  *Id.* at 76.

20

21      [2]  Ninth Circuit law may assist a court in determining what Supreme

22  Court law is clearly established.  *Van Tran v. Lindsey*, 212 F.3d 1143,

23  1153-54 (9th Cir. 2000).  The Supreme Court need not have addressed the

24  identical factual issue, but it must have clearly determined the law.

25  *Houston v. Roe*, 177 F.3d 901, 906 (9th Cir. 1999).

26      [3]  While "[t]he term 'unreasonable' is no doubt difficult to

ORDER ~ 8

A court may also grant a habeas petition if the state court decision was based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d)(2).  In effect, this means that the state court was wrong and the petitioner is correct.  *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).  The court must presume the state court's determinations of fact are correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1). This presumption, however, does not apply to the state court's resolution of mixed questions of law and fact.  *Acosta-Huerta v. Estelle*, 7 F.3d 139, 142 (9th Cir. 1992).

    1.  <u>Due Process</u>

    It is clearly established federal law that a prisoner has no inherent or constitutional right to be released before the expiration of a valid sentence.  *Bergen v. Spaulding*, 881 F.2d 719, 721 (9th Cir. 1989) (citing *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442

---

define," the Supreme Court explained, "it is a common term in the legal world and, accordingly, federal judges are familiar with its meaning." *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  In determining whether an application of federal law is objectively unreasonable, courts may need to engage in an "intensive fact-bound inquiry highly dependent upon the particular circumstances of a given case." *Chia v. Cambra*,  360 F.3d 997, 1002 (9th Cir. 2004).  "Although only Supreme Court law is binding on the states, our Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable." *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

ORDER ~ 9

1   U.S. 1, 7 (1979)).  However, a prisoner may have a protectable liberty

2   interest if a state early release statute creates it; this liberty

3   interest is then subject to due process guarantees.  *Id.*  For instance,

4   a prisoner has a liberty interest in good behavior time credits if they

5   have earned the credits under the applicable state statutes and

6   procedures.  *Id.* (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974).

7   "Whether a state statute provides such a protectable entitlement depends

8   on the structure and language of the statute, as well as the state

9   court's interpretation of the scope of the interest."  *Id.*

10      The Washington Supreme Court Commissioner ruled, in pertinent part:

11          There was also no due process or equal protection
12      violation arising from the loss of 320 days in "earned time"
        resulting from Mr. LaRue's time in segregation.  Under a
        Department of Corrections policy, a prisoner in segregation
13      cannot participate in programs that "earn" early release
        credits.  DOC 350.100.  Such segregation is tantamount to
14      refusing to participate in earned credit activities.  RCW
        72.09.130(2).
15          Mr. LaRue is aware that in *In re Personal Restraint of
        Galvez*, 29 Wn. App. 655, 658, 904 P.2d 790 (1995), the court
16      held there was no liberty interest in earned release credits.
        But he notes that the *Galvez* court interpreted a former version
17      of RCW 72.09.130 containing permissive language regarding the
        establishment of an education and work program incentive
18      system.  *See Galvez*, 79 Wn. App. at 658.  The statutory
        language is now mandatory, but that simply means that a program
19      must be established.  It still does not mandate earned early
        release credits for prisoners such as Mr. LaRue who's
20      behavioral problems keep them from earning such credits.  *See*
        RCW 72.09.130(2) (an inmate refusing to participate in
21      education or work programs not eligible for early release
        credit).  And *Galvez* still precludes Mr. LaRue's equal
22      protection claim.  *Galvez*, 79 Wn. App. at 659.  The department
        has a rational basis to segregate troublesome inmates such as
23      Mr. LaRue in the interests of prison security.  *Id.*

24  (Ct. Rec. 11 Ex. 46 p. 3.)  Although this Court may have reached a

25  different conclusion as to whether *In re Galvez* is still controlling,

26  notwithstanding the amendment to RCW 72.09.130, the Court must accept the

ORDER ~ 10

Washington Supreme Court's decision that the current version of RCW 72.09.130 does not create a protectable right to earn good time credits.[4] *See O'Brien v. Skinner*, 414 U.S. 524, 531 (1974); *McSherry v. Block*, 880 F.2d 1049, 1052 (9th Cir. 1989); *Bergen*, 881 F.2d at 721.   Because Mr. LaRue does not have a state-created liberty interest in earned time days, the Court must conclude there is no due process violation arising from the loss in earned time days resulting from Mr. LaRue's time in segregation.[5]   The Court finds the Washington Supreme Court's decision

[4]  Mr. LaRue relies upon the Ninth Circuit's decision in *Gotcher v. Wood*, 66 F.3d 1097 (9th Cir. 1995); however, this opinion was vacated by the U.S. Supreme Court, 520 U.S. 1238, and on remand the Ninth Circuit stated, we "do not reach the issue of whether Gotcher has a protectable liberty interest in receiving good-time credits or remaining free of disciplinary segregation, we deny Gotcher's request to republish parts of our earlier decision." 122 F.3d 39, 39 (9th Cir. 1997).   Mr. LaRue also relies upon *In re Johnson*, 109 Wn. 2d 493 (1987), and *In re Anderson*, 112 Wn. 2d 546 (1989).   These cases are inapplicable because they involved the taking away of good time credits *already* earned.

[5]  Even if the Mr. LaRue has a protectable liberty interest in earning earned time credits, the Court finds he was provided with sufficient due process prior to being denied the opportunity to earn these credits.   Although Mr. LaRue's behavior has improved since 1997, his prior history of negative behavior justifies a decision by prison officials to place him in administrative segregation for negative behavior.   Mr. LaRue received notices and opportunities to participate

ORDER ~ 11

1  regarding Mr. LaRue's due process claim is neither contrary to, nor
2  involves an unreasonable application of, clearly established federal law
3  nor based on an unreasonable determination of the facts.

4      2.  Equal Protection

5      The Fourteenth Amendment Equal Protection Clause requires all
6  similarly-situated persons be treated alike.  *Jones v. Helms*, 452 U.S.
7  412, 423 (1981); *F.S. Royster Guano Co. v. Commonwealth of Va.*, 253 U.S.
8  412, 415 (1920).  Equal protection claims concerning post-conviction
9  sentencing and confinement are reviewed under the rational basis test.
10 *McQueary v. Blodgett*, 924 F.2d 829, 834 (9th Cir. 1991).  The Court
11 concludes the Washington Supreme Court's decision that Mr. LaRue's equal
12 protection violation claim failed because DOC had a rational basis to
13 segregate Mr. LaRue in the interests of prison security is neither
14 contrary to, nor involves an unreasonable application of, clearly
15 established federal law nor based on an unreasonable determination of the
16 facts.

17            **IV.  CONCLUSION**

18     The Court concludes Mr. LaRue raised only two federal law issues in
19 this habeas petition, both listed in his third claim - violations of
20 federal due process and equal protection constitutional rights.  Mr.
21 LaRue exhausted these claims at the state level.  However, the state
22 court's decision was consistent with and reasonably applied clearly
23 established federal law and was based on a reasonable determination of
24 the facts.  Given the Court's findings, an evidentiary hearing is

25

26 ────────────────

in hearings related to his past negative behavior.
ORDER ~ 12

unnecessary under 28 U.S.C. § 2254(b)(2).  Mr. LaRue's motion for hearing is denied as moot.

**FOR THE REASONS GIVEN ABOVE, IT IS HEREBY ORDERED:**

1.    The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody **(Ct. Rec. 1)** is **DENIED.**

2.    Petitioner's Motion for Hearing on Petition **(Ct. Rec. 13)** is **DENIED AS MOOT.**

**IT IS SO ORDERED.**  The District Court Executive is directed to:

(A)  Enter this Order;

(B)  **Enter judgment in favor of Respondent**;

(C)  Provide copies of the Order and Judgment to Petitioner and counsel;

(D)  Close this file.

**DATED** this _____19th_____ day of February 2008.


_____s/ Edward F. Shea_____
EDWARD F. SHEA
United States District Judge

Q:\Civil\2007\0243.habeas.credits.frm

ORDER ~ 13